**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| o/b/o DYLAN JOSEPH GRAHAM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00252 SRC |
| | ) | |
| RIPLEY COUNTY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

This matter is before the Court upon the request[1] of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Missouri Eastern Correctional Center (MECC), for leave to commence this action without payment of the required filing fee.  For the reasons stated below, the Court finds that Engel does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

---

[1]Mr. Engel has not filed a separate motion to proceed in forma pauperis.  However, he has indicated in his complaint that he is a pauper, and he lives on the amount provided to state prisoners each month.  The Court will presume plaintiff is seeking leave to proceed in forma pauperis.

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Engel has not submitted a prison account statement. As a result, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Engel is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly

baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950–51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether the plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951–52.

## Complaint

Engel filed this action pursuant to 42 U.S.C. § 1983 on November 23, 2020. His complaint is handwritten and not on a court form. It appears that Engel is attempting to bring this action on behalf of an inmate incarcerated at Eastern Reception Diagnostic and Correctional Center (ERDCC) named Dylan Joseph Graham. In his complaint, Engel states that Mr. Graham would like to sue the following defendants: Ripley County; Ripley County Sheriff's Department; Ripley County Undersheriff; Lieutenant; Corporal; Captain; and Sergeant.

3

Engel claims that Ripley County chased Mr. Graham into Arkansas, "which is against the law." He asserts that after Mr. Graham wrecked his car, he was beaten after a foot pursuit. Engel asserts that officers continued to beat Mr. Graham even after he was cuffed. He states that two of the officers' names were "Murphy" and "Nelson." Engel asserts that Mr. Graham did not have his Miranda rights read to him after his arrest.

The complaint is not signed by Mr. Graham; rather it is signed by Engel and Engel appears to have written Mr. Graham's name at the bottom of the complaint. Engel seeks compensatory and punitive damages on behalf of Mr. Graham.

## Discussion

The complaint in this matter is defective for multiple reasons. First, and foremost, the complaint is not signed by Graham. Instead, this action is signed by Engel, who has not brought any claims on his own behalf in this action.

Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Similarly, the local rules of this Court also require that all filings be signed by a self-represented party. E.D. Mo. L.R. 2.01(A)(1).

Additionally, plaintiff Engel lacks standing to bring claims on behalf of plaintiff Graham. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). Thus, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *see also*

4

*Auer v. Trans Union, LLC*, 902 F.3d 873, 876–77 (8th Cir. 2018) (stating that "if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction").

The requirement of standing limits the category of litigants who are empowered to maintain a lawsuit in federal court to seek redress for a legal wrong. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). To establish constitutional standing, a plaintiff must demonstrate three elements: (1) that he suffered an injury in fact, which is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to speculative, that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Engel, the only litigant to have signed the complaint in this action, has not alleged facts sufficient to show that he has standing to sue in this case. The complaint consists of allegations relating to violations of others' federal civil rights. At no point, however, does Engel allege that he has been personally injured or his rights have been violated. Thus, he has failed to establish the first element of standing, which is an "injury in fact" that is "concrete and particularized." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Because Engel has not alleged an injury in fact, he obviously cannot demonstrate the second or third elements of standing either. Without standing to sue, the Court does not have subject matter jurisdiction over Engel's case, and the complaint must be dismissed.

Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's

behalf in the other's cause . . . A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co*., 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Finally, the Court also dismisses this action because it appears to be malicious.  *See Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).  Engel has filed over one hundred other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials.  Engel submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action.  The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action.  It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right.  *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits).  This action is subject to dismissal for this reason, as well.

Having considered the instant complaint and supplemental document, as well as Engel's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit Engel leave to file an amended complaint in this action.  The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Engel is cautioned to avoid the practice of repeatedly filing meritless lawsuits.  First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability

to proceed *in forma pauperis*.  Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits.  This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted).  This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *see also Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process).  These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

Accordingly, the Court orders that Engel may proceed *in forma pauperis* in this action. The Court further orders that Engel shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith. The Court certifies that an appeal from this dismissal would not be taken in good faith.

So Ordered this 17th day of March, 2021.

_SL R. CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**